UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GENTIS, INC.; NAZARETH GODFREY,

    Plaintiffs,

v.

JANE OATES, ASSISTANT
SECRETARY, UNITED STATES
DEPARTMENT OF LABOR, et al.,

    Defendants.

No. 09-cv-5490

FILED
JAN 11 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## Opinion

January 7, 2010                                                           Pollak, J.

Before the court are the parties' cross-motions for summary judgment. Docket Nos. 12, 13. Having considered the summary judgment motions and associated briefs, pleadings, and administrative record, the court will grant the plaintiffs' motion for summary judgment in major part and deny the defendants' motion.

## I. Background

Primary responsibility for the issuance of immigration visas under the Immigration and Nationality Act ("INA") rests with the Secretary of Homeland Security and the United States Citizenship and Immigration Services. However, aliens may not obtain

1

immigrant visas to engage in permanent employment in the United States unless the Secretary of Labor certifies to the Secretary of State and the Secretary of Homeland Security that employment of an alien in a particular job opportunity will not adversely affect the wages and working conditions of workers in the United States similarly employed and that U.S. workers who are able, willing, and qualified are not available. 8 U.S.C. § 1182(a)(5)(A). The Department of Labor ("Department") has adopted regulations creating a process to fulfill its obligations under the INA. *See* 20 C.F.R § 656.

The procedure begins when an employer files an application for certification with an Employment and Training Administration application processing center. *Id.* § 656.17(a). An application for labor certification is reviewed by a Certifying Officer, who determines whether the application should be certified, denied, or selected for audit. *Id.* § 656.17(b)(1). If an application is selected for audit, the employer is sent an audit letter requesting that the employer submit documentation to support the application by a date specified. *Id.* § 656.17(a). The letter must advise the employer that the application will be denied if the documentation is not received within 30 days. *Id.* § 656.20(a)(3).[1] In addition, "failure to provide documentation in a timely manner constitutes a refusal to exhaust available administrative remedies." *Id.* Such failure also renders administrative

---

[1] The regulations provide that a Certifying Officer "may in his or her discretion provide one extension, of up to 30 days" for applicants to submit the required documentation. *Id.* § 656.20(c).

2

review by the Board of Alien Labor Certification Appeals (BALCA) unavailable. *Id.* The regulations governing labor certification do not specify whether an applicant must actually receive an audit letter in order to trigger these consequences.

Plaintiffs Gentis, Inc. and Godfrey Nazareth are an employer and a potential employee. On April 21, 2008, Gentis filed an application for labor certification with the DOL on behalf of Nazareth, who is an alien, so that Gentis could employ him as a biomedical engineer. On June 19, 2008, the Department issued an Audit Notification letter ("Audit Letter") addressed to Gentis' attorney requesting copies of documentation supporting the attestations made in Gentis' application. Administrative Record ("AR") at 39–40.[2] The Audit Letter specified that Gentis was required to submit the required documentation by July 21, 2008. *Id.* at 40. The Department never received a response from Gentis to the letter, and on August 28, 2008, the Department issued a decision denying Gentis' application ("Denial Letter"). *Id.* at 34–35. On September 25, 2008, Gentis sent a letter to the Department requesting reconsideration of the denial of its

---

[2] The Audit Letter was addressed to "400 E. Lancaster Ave., c/o Orlow, Kaplan & Hohenstein, LLP, David Kaplan, 620 Chestnut St. Suite 656 PO Box 40017, Philadelphia, PA 19106." AR at 39; *see also* AR at 37 (mailing label with same address). "400 E. Lancaster Ave." was included in this address because Gentis mistakenly filled in "400 E. Lancaster Ave." in one of the boxes on the labor certification application where its name belonged. *See* AR at 43. However, there is no dispute between the parties that the Audit Letter contained correct address information for Gentis' attorney (*i.e.*, that "Orlow, Kaplan & Hohenstein, LLP, David Kaplan, 620 Chestnut St. Suite 656 PO Box 40017, Philadelphia, PA 19106" was Gentis' attorney's mailing address). *See* Defs.' Br. in Opp. to Pl.'s Cross Mot. for Summ. Judg. at 2 (noting that "the Audit Notification Letter was properly addressed to Gentis' counsel").

3

application ("Reconsideration Request"), claiming that neither Gentis nor its attorney ever received the Audit Letter. *Id.* at 1-2. The request for reconsideration has been pending with the Department since September 2008—a period of over two years as of the date of this opinion.

On November 18, 2009, Gentis filed the present action, seeking an order vacating the Department's denial of the application, requiring the Department to make a decision on its application within 30 days, and awarding attorney fees.[3]

## II. Analysis

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Agency action is "entitled to a presumption of regularity," but "that presumption does not shield [the agency's] action from a thorough, probing, in-depth review." *Citizens to Preserve*

---

[3] After receiving the administrative record during discovery in this case, plaintiffs reviewed the Audit Letter and discovered that it made reference to an attachment which was not included in the administrative record (and which defendants have since acknowledged does not exist). The letter stated that the attachment listed documentation that Gentis needed to submit in its response. AR at 39. The letter itself also contained a list of documents that Gentis needed to submit. Because of the letter's reference to an attachment that did not exist, plaintiffs argue in their summary judgment motion that even if they had received the Audit Letter, the letter was so facially confusing that they would not have been able to respond to it. Pls.' Summary Judgment Br. at 2. Because this court will grant plaintiffs' motion for summary judgment on the ground that the plaintiffs did not receive the Audit Letter, this opinion will not address plaintiff's facial deficiency argument.

4

*Overton Park v. Volpe*, 401 U.S. 402, 415 (1971) (citations omitted). Under the APA, agency action will not be reversed unless it was "unlawfully withheld or unreasonably delayed" or "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 706(1), (2)(A). A party challenging agency action bears the burden of establishing that the agency decision was arbitrary and capricious. *Concerned Citizens Alliance, Inc. v. Slater*, 176 F.3d 686, 700 (3d Cir. 1999).

### A. Exhaustion of Remedies

Requiring exhaustion of administrative remedies may be prudential or jurisdictional. *See Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007). Under the INA, exhaustion is jurisdictional in an order-of-removal case. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ."); *Duvall v. Elwood*, 336 F.3d 228, 232-233 (3d Cir. 2003). However, the INA does not contain language making exhaustion jurisdictional in labor certification cases. *See* 8 U.S.C. § 1182(a)(5). It is therefore apparent that failure to exhaust administrative remedies does not bar this court from exercising jurisdiction over this case. *Accord Powell Elec. Mfg. Co. v. Solis*, 2009 WL 995278, *7 (N.D. Tex. 2009) (unpublished). Nonetheless, "[e]ven prudential exhaustion requirements will be excused in only a narrow set of circumstances." *Wilson*, 475 F.3d at 175. One circumstance in which non-exhaustion of a remedy is excused is when pursuit of the remedy would be a futile exercise. To invoke the futility exception, "a party must 'provide a clear and positive showing' of futility before the District Court."

*Id.* (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2003).

The Denial Letter stated, consistent with the federal regulations described above, that Gentis did not have a right to seek review of the denial before BALCA because Gentis' application was denied on the basis of its failure to respond to the Audit Letter. Plaintiffs argue that the letter demonstrates that seeking further administrative review would be futile. However, in the proceedings before this court, the Department departs from the letter's position that review before BALCA is not available. Instead, the Department urges this court to follow the example of another district court, *see Powell Elec. Mfg. Co. v. Solis*, 2009 WL 995278 (N.D. Tex. 2009) (unpublished), and find that the plaintiffs should appeal to BALCA.

In *Powell*, an employer's application for labor certification was denied after the employer failed to submit a timely response to a Notice of Findings (NOF) detailing deficiencies in the employer's application. *Id.* at *3. The district court suggested that after receiving the denial, the employer should have sought review by BALCA, because "even when denial has been based on a failure to respond to an NOF . . . BALCA will re-open the application at the rebuttal stage, allowing it to continue without prejudice, if necessary to avoid 'manifest injustice.'" *Id.* at *5 (quoting *Madeleine S. Bloom*, No. 88-INA-152 (Oct. 13, 1989) (en banc)). The Department suggests that "*Powell* provides excellent guidance and a sound approach to dealing with an issue, as here, that can fairly be addressed administratively in the first instance." Def.'s Mot. for Summary Judgment at 10. The Department also notes that, in an effort to resolve this case, it has offered to

allow BALCA to litigate the issue of whether Gentis and its counsel received the audit letter, but that Gentis has declined that opportunity. *Id.* at 3.

*Powell* relied on a line of BALCA decisions stemming from *Madeleine S. Bloom*, which held that "absent a specific intent to treat regulatory deadlines as jurisdictional and unwaivable" such deadlines may be waived when failing to toll them "would result in manifest injustice." No. 88-INA-152, 1989 WL 250369, at *4; *see also Powell*, 2009 WL 995278, at *5 (discussing *Bloom*). *Bloom* found that its "manifest injustice" standard was met where an attorney promised to mail an employer's response to an NOF to the Department but failed to do so, and instead left the state and thereafter failed to respond to communications from the employer. 1989 WL 250369, at *2.

As noted above, *Bloom* and its progeny, including *Powell*, involved denials stemming from an applicant's failure to respond to an NOF. This case, by contrast, involves a denial stemming from a failure to respond to an audit letter. Although neither party addresses the issue in their briefs, BALCA's caselaw indicates that BALCA considers itself to have more limited jurisdiction to review failures to respond to audit letters. In *Mildred Schwartz*, No. 2008-PER-115, 2008 WL 4771908 (Oct. 28, 2008), an employer received an Audit Notification letter directing it to submit supporting documentation for its application, including a Recruitment Report. The employer responded to the letter with some of the requested documentation, but not the Recruitment Report, and the Certifying Officer denied the application. BALCA found that it had jurisdiction, holding that under 20 C.F.R. § 656.20(a)(3), it has "subject matter

7

jurisdiction to review whether an employer was properly found to have failed to timely supply documentation requested in a[n] . . . audit letter. If so, the denial resulting from such a failure is unreviewable." *Id.* at *2; *see also K.L. Gardens Devel. Corp.*, No. 2009-PER-393, 2010 WL 1638087 (Mar. 3, 2010) ("We concur with the *Schwartz* panel's interpretation of section 656.20(a)(3). The regulation is not strictly jurisdictional, but it does circumscribe the Board's review authority once it is found that an employer failed to timely supply documentation requested in a PERM audit letter."). BALCA then determined that the employer failed to timely submit the Recruitment Report, and accordingly dismissed the appeal without further discussion. *Mildred Schwartz*, 2008 WL 4771908, at *2.

Both *Mildred Schwartz* and *K.L. Gardens* emphasized BALCA's limited jurisdiction to review only the timeliness of responses to audit letters. In addition, neither mentioned *Bloom*'s "manifest injustice" standard. Thus, it appears not unlikely that, if the case at bar were to be remanded to BALCA, BALCA would merely address the question whether Gentis responded to the Audit Letter in a timely manner, and not determine whether Gentis actually received the Audit Letter or whether the Audit Letter itself was facially deficient.

*Powell* found that the doctrine of prudential exhaustion favored permitting BALCA to engage in a review of whether the NOF was properly denied. *Id.* at *7-8. In reaching this conclusion, *Powell* emphasized that because BALCA "maintains the power to reopen any case *sua sponte* regardless of regulatory deadlines, it is sensible to require

exhaustion of this remedy before gaining a right to federal jurisdiction." *Id.* at *7. While BALCA may have such power in cases involving failures to respond to NOFs, *Schwartz* and *K.L. Gates* indicate that BALCA feels that its jurisdiction to review failures to respond to audit letters is more limited. Thus, remand in this case would be futile.

### B. Receipt of the Audit Letter

Plaintiffs claim that Gentis did not receive the Audit Letter. The administrative record contains Gentis' letter to the Department requesting reconsideration, and that letter denies that the plaintiffs ever received the Audit Letter. Plaintiffs further claim that although Gentis received the Denial Letter, Gentis' lawyer did not. The Department argues that, if this court finds that the administrative process was exhausted, this court should reject plaintiffs' claim that they did not receive the Audit Letter. For support, the Department points to the administrative record, which contains (1) a print-out of the Audit Letter and (2) undated mailing labels with the correct address for Gentis and Gentis' lawyer. The Department argues that this evidence is sufficient to support a presumption that the letter was delivered. Def.'s Summary Judgment Br. at 11.

This court concludes that the Department's summary judgment motion and the accompanying administrative record have failed to present evidence to support a presumption that the letter was received. First, although the Department points to the copy of the Audit Letter and undated mailing labels in the administrative record, the Department's summary judgment motion and the administrative record provide no evidence concerning the Department's internal mailing procedures. *See In re Cendant*

9

*Corp. Prides Litigation*, 311 F.3d 298, 304 (3d Cir. 2002) ("To invoke the presumption, proof of procedures followed in 'the regular course of operations' gives rise to a strong inference that it was properly addressed and mailed." (citations omitted)).

Second, it appears from the administrative record that the Department sent the Audit Letter by regular mail, rather than certified mail. The Third Circuit recognizes that "'a weaker presumption' of effective service applies to service by regular mail" than to service by certified mail. *Santana Gonzalez v. United States*, 506 F.3d 274, 278 (3d Cir. 2007). In *Santana Gonzalez*, which involved a notice regarding a removal hearing that a Cuban alien claimed she did not receive, the court found that this weaker presumption was rebutted despite the fact that petitioner failed "the clear requirement that she give written notice of any change in her address" because (1) the petitioner "had little to gain by failing to appear at the hearing" and (2) circumstantial evidence, including evidence that petitioner took affirmative action to inquire about her status, indicated that she "at all times sought to have a hearing to adjust her status." *Id.* at 280-81.

The presumption of receipt is likewise rebutted in this case. Gentis, which filed the labor certification application in order to employ Nazareth, had little—indeed, nothing—to gain by not responding to the Audit Letter. And once notified about the denial, Gentis took the step of promptly requesting that the decision be reconsidered. The request for reconsideration was accompanied by attachments containing documentation requested in the Audit Letter, dispelling any inference that Gentis deliberately failed to respond to the audit to avoid having to produce such documentation. Finally, unlike the

petitioner in *Santana Gonzalez*, Gentis and its attorney did not change their addresses, rendering it more likely that a letter that was actually sent to them would reach at least one of them.

For these reasons, the Department has failed to establish that it is entitled to a presumption of receipt. Conversely, this analysis supports a finding that Gentis did not receive the Audit Letter, as does the fact that the only evidence in the administrative record directly bearing on whether Gentis actually received the Audit Letter is in Gentis' Reconsideration Request, which states that neither Gentis nor its attorney received the Audit Letter. Accordingly, the court concludes that the denial of Gentis' application was predicated on an unsupportable determination that Gentis had received and ignored the Audit Letter.

### C. Remedy

The APA authorizes reviewing courts to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). For the reasons above, the court will vacate the Department's denial of Gentis' application. In addition, because of the long time period that has elapsed since Gentis filed its motion for reconsideration, the court will also order the Department (1) to inform Gentis what information and documentation, if any, Gentis must provide in order to comply with the

audit request and (2) to provide Gentis not less than 30 days to respond.[4]

## III. Conclusion

Accordingly, plaintiffs' motion for summary judgment will be granted in major part and the defendants' motion for summary judgment will be denied. The Denial Letter will be vacated and the Department will be directed to conduct further proceedings consistent with this opinion. An appropriate order accompanies this opinion.

BY THE COURT:

/s/

Pollak, J.

---

[4] Plaintiffs also request a declaratory judgment that the Department's denial of the application is contrary to law, and an order requiring the Department to make a decision on plaintiffs' application within 30 days. The court concludes that this relief is unnecessary under the circumstances of this case.